United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. LINDOW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DARREN WALLACE, MONICA PERKINS, REBECCA F. WEISMAN, STEVEN L. YARBROUGH, SHARANDA SHEPPARD, HON. PAUL BURDICK, and HON. DEBORAH A. RYAN,<br><br>　　　　Defendants. | Case No. 20-cv-03271-NC<br><br>**ORDER GRANTING IFP APPLICATION; SCREENING COMPLAINT UNDER 28 U.S.C. § 1915; GRANTING LEAVE TO AMEND** |

Pro se plaintiff Robert Lindow filed a complaint, bringing sixteen claims against Darren Wallace, Monica Perkins, Rebecca F. Weisman, Steven L. Yarbrough, Sharanda Sheppard, Hon. Paul Burdick, and Hon. Deborah A. Ryan arising out of state court probate issues. Compl. at 1–7. Robert Lindow also applied to proceed in forma pauperis. *See* Dkt. No. 2.

The Court GRANTS Robert Lindow's application for leave to proceed in forma pauperis. As a result of Robert Lindow's proceeding in forma pauperis, the Court is required to screen his complaint under 28 U.S.C. § 1915(e). Finding that the complaint fails to state a basis for the Court's jurisdiction and that some defendants are immune from suit, the Court GRANTS Robert Lindow LEAVE TO AMEND the complaint. If Robert Lindow does not by **July 1, 2020** correct the deficiencies identified in this order, the Court will recommend dismissal of the case.

## I. Background

### A. Factual Allegations

The plaintiff alleges the following facts in the complaint. For the purposes of this order, the Court assumes these allegations are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Carl Lindow acquired several rental properties throughout his career. Compl. ¶ 33. One of the properties he financed is a home in Aptos, California. Compl. ¶ 41. In December 2009, during the financing of the Aptos home, Carl Lindow stated that the Aptos home was financed for plaintiff Robert Lindow[1] and his wife. Compl. ¶¶ 41–42. On December 12, 2011, Carl Lindow and Robert Lindow entered into a "land contract" for the Aptos home. Compl. ¶ 48.

This case arises out of the state probate court's conservatorship proceeding for Carl Lindow and his estate. Probate Court Judge Pichon appointed defendant Monica Perkins, Carl Lindow's step-daughter, and defendant Darren Wallace to be conservators for Carl Lindow and his estate, respectively. Compl. ¶¶ 88, 90. As the conservators of the Aptos house, Perkins and Wallace began an unlawful detainer suit against Robert Lindow. Compl. ¶ 4. Defendant Judge Paul Burdick was the judge for the suit. Compl. ¶ 95. Later, Robert Lindow filed another suit over the "land contract" dispute. Compl. ¶ 133. Judge Burdick was again assigned to the case and stayed Robert Lindow's claim. Compl. ¶¶ 133, 136.

### B. Claims and Parties

Plaintiff Robert Lindow brings sixteen claims against seven parties.

Claims one through four invoke 42 U.S.C. § 1983 and request that this Court declare California state laws and procedural rules unconstitutional and unenforceable.

- Claim One alleges that the Santa Clara County Superior Court's application of California Probate Code § 850 in Case 17 PR 180722 violates plaintiff's constitutional rights under 42 U.S.C. § 1983. Compl. ¶¶ 211–214.

---

[1] The Court will refer to the plaintiff as Robert Lindow to avoid confusion with Carl Lindow, who is discussed at length in the complaint.

2

- Claim Two alleges that the Santa Cruz Superior Court's application of California Civil Procedure § 1161 in case 17 CV 01497 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  Compl. ¶¶ 234–237.

- Claim Three alleges that the Santa Clara Superior Court's application of California Rules of Court 8.137 in case 17 PR 180722 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  Compl. ¶ 270.

- Claim Four alleges that the Santa Clara Superior Court's application of California Code of Civil Procedure § 1084–1097 in case 17 PR 180722 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  Compl. ¶ 291.

Claims five through nine request that the Court declare state laws and procedural rules unconstitutional and unenforceable under the California Constitution.

- Claim Five alleges that the Santa Clara County Superior Court's application of California Probate Code §850 in Case 17 PR 180722 violates the California Constitution.  Compl. ¶¶ 295, 317.

- Claim Six alleges that the Santa Cruz Superior Court's application of California Civil Procedure § 1161 in case 17 CV 01497 violates the California Constitution.  Compl. ¶¶ 322, 333.

- Claim Seven alleges that the Santa Clara Superior Court's application of California Rules of Court 8.137 in case 17 PR 180722 violates the California Constitution.  Compl. ¶ 348.

- Claim Eight alleges that the Santa Clara Superior Court's application of California Code of Civil Procedure § 1084–1097 in case 17 PR 180722 violates the California Constitution.  Compl. ¶ 373.

- Claim Nine alleges that the Santa Clara Superior Court and the Court of Appeal's application of Probate Code §1310 in case 17 PR 180722 and case H045566 violates the United States Constitution and the California Constitution.  Compl. ¶ 411 B.

"Claim" Ten asks for declaratory relief.  Compl. ¶ 419.  "Claim" Eleven asks for injunctive relief.  Compl. ¶ 428.

Claims Twelve through Sixteen are state law claims for violations of California Penal Code § 496, elder financial abuse, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Compl. ¶¶ 9-13.

Claims One through Ten are against all defendants.  Claims Twelve through Sixteen are against all defendants except the judges.

## II.     IFP Application

An application to proceed in forma pauperis must include a showing that the

3

1  plaintiff is unable to pay the fees required to file an action in federal court.  28 U.S.C. §
2  1915(a).  The required affidavit must include a statement of the plaintiff's assets to provide
3  the Court with sufficient information to determine whether he is able to pay the fees.  *Id.*
4  The Court FINDS that Robert Lindow's listed assets and declared income are insufficient
5  for him to pay the filing fees.  *See* Dkt. No. 2.  Accordingly, the Court GRANTS Robert
6  Lindow's application for leave to proceed in forma pauperis.

**III.	Legal Standard**

When a plaintiff proceeds in forma pauperis, the court must screen the complaint and dismiss it if the complaint 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To successfully state a claim, Rule 8(a) requires: 1) the grounds for the court's jurisdiction; 2) a short and plain statement of the claim; and 3) a demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)–(3).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IV.	DISCUSSION**

The Court has several concerns with Robert Lindow's complaint.

**A. General Issues with the Complaint**

To begin, the Court notes that Robert Lindow's summary of the state court proceedings are difficult to follow.  The Court also notes that Robert Lindow's claims and demands for relief are overly broad.  Most claims ask the Court to enjoin all "defendants from enforcing orders, judgments . . . or from asserting any interest in the property in Aptos California."  Factually, the complaint lacks support to bring every claim against every defendant.  For example, Claim Twelve (for "Breach of Fiduciary Duties as Land Contract Vendor") is probably not applicable to defendant Weisman, the attorney of

4

defendant Monica Perkins, as Weisman has no fiduciary duty to Robert Lindow.  In the amended complaint, Robert Lindow should specify which claims are against which defendant and allege facts that pertain to each defendant.

The complaint is also peppered with inconsistencies.  For example, under Claim Seven, Robert Lindow alleges that Rule 8.137(a) is unconstitutional but in his request for relief, he asks the Court to declare a different state law, Probate Code 850, to be unconstitutional.  Compl. ¶¶ 346, 348.  Under Claim Eight, Robert Lindow alleges the unconstitutional application of California Code of Civil Procedure § 1084-1097 by the Court of Appeal, but requests the Court to declare Santa Clara Superior Court, a completely different court's application of the same code, to be unconstitutional.  Compl. ¶¶ 371, 373 F.  In the amended complaint, Robert Lindow should correct inconsistencies.

There are also problems with the naming of defendants.  First, the Court is unclear as to why Hon. Ryan is a named defendant as there is no fact alleged against her; meanwhile, Hon. Pichon is repeatedly mentioned but is not named as a defendant.  Second, some of the defendants may be named fictiously.  In a complaint, a plaintiff must identify the individuals against whom he seeks relief, and allege facts sufficient to support a cause of action against each named defendant.  Fed. R. Civ. P. 8(a)(1)–(3).  For example, to state a claim under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).  As a general rule, using fictitious names to identify defendants is disfavored.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Here, Robert Lindow has stated that he "is ignorant of the true names . . . of defendants . . . therefore sues these defendants by such fictitious names."  Compl. ¶ 29.  However, he does not specify which names are fictitious, nor does he state the causes of action against each unnamed defendant.  Robert Lindow should clarify in an amended pleading which names are fictitious and which claims he brings against whom.  He should also only use fictitious names for defendants if he cannot learn their true identities without discovery.  *Gillespie*, 629 F.2d at 642.

5

**B. Subject Matter Jurisdiction**

Under Article III of the U.S. Constitution, federal district courts only have "limited jurisdiction," meaning they may only hear specific types of cases. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If the court may hear a certain type of case, it is said to have "subject matter jurisdiction" over that case. Without subject matter jurisdiction, the court lacks authority to hear the case. District courts may have original subject matter jurisdiction either through (1) diversity jurisdiction or (2) federal question jurisdiction. 28 U.S.C. § 1331, 1332.

Federal courts are courts of limited jurisdiction. Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. Here, diversity jurisdiction does not apply because all parties appear to be domiciled in California. Compl. at 9. They are citizens of the same state, thus not diverse parties.

Federal question jurisdiction exists if the claims arise under federal law or the U.S. Constitution. 28 U.S.C. § 1331. However, district courts lack jurisdiction to review the final determinations of state court judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). This doctrine applies even where the challenge to the state court decision involves federal constitutional issues. *Worldwide Church of God v. McNair,* 805 F.2d 888, 891 (9th Cir. 1986). If the federal constitutional claims are "inextricably intertwined" with the state court's judgment such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.

1    2003); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).

2    On top of original subject matter jurisdiction, district courts have supplemental jurisdiction over all other claims that form the same case or controversy. 28 U.S.C. § 1367(a). However, if a federal court dismisses a plaintiff's federal claims for lack of subject matter jurisdiction and there are remaining supplemental state law claims that have no underlying original jurisdiction, the district court must dismiss the state law claims without prejudice. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### C. Claims One Through Nine Do Not Establish Subject Matter Jurisdiction

Federal district courts are empowered to exercise original, not appellate, jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Lower federal courts also possess no power whatsoever to sit in direct review of state court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

Robert Lindow alleges federal question jurisdiction by invoking 42 U.S.C. § 1983. Claims one through four challenge the constitutionality of the following state statutes: Probate Code 850, California Civil Procedure § 1161, California Rules of Court 8.137, and the California Code of Civil Procedure § 1084–§ 1097. Compl. ¶¶ 213, 235, 262, 272. Robert Lindow appears to take issue with state court proceedings, including case numbers 17 CV 01497, 17 PR 180722, and H045566 in these claims. Claims five through nine reallege that the state courts' application of the above state codes, code of civil procedure, state court rules violates the California Constitution.

A § 1983 claim can assert a private right of action for violations of constitutional rights and thus give the Court federal question subject matter jurisdiction. However, all of Robert Lindow's § 1983 claims center around whether the two state court judges' actions and applications of California state laws are constitutional.

As discussed earlier, under the *Rooker-Feldman* doctrine, if a plaintiff's federal constitutional claims require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter

jurisdiction. *Bianchi*, 334 F.3d at 898. Here, Robert Lindow apparently requests that the Court review state court proceedings, interpret the application of state laws and procedural rules, stay the state court's proceedings, and declare that state laws and procedural rules are unconstitutional and unenforceable. For example, Robert Lindow expressly requests "this court . . . declar[e] that Probate Code 850 is unconstitutional . . . ." Compl. ¶ 231 F. Plaintiff also "prays that [this] Court issue . . . Injunctive relief restraining defendants from enforcing any orders, judgments . . . ." Compl. ¶ 231 G. Robert Lindow is effectively inviting this Court to review those state court judgments, which it may not do.[2] Because this Court cannot be called to review the state court's judgment or its application of state laws, it lacks subject matter jurisdiction to hear claims one through nine.

### D. Claims Ten and Eleven Are Not Claims

Claims ten and eleven are merely prayers for relief and do not establish causes of action on their own. One such prayer is for injunctive relief. Compl. ¶ 7. Robert Lindow should bear in mind that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, these two claims, along with all the other claims with requests for injunctive relief related to state court proceedings, are without merit.

### E. Claims Twelve Through Sixteen Also Lack Supplemental Jurisdiction

Claims twelve through sixteen pertain to state law. Because these claims invoke California state law, the only way the plaintiff could assert jurisdictional grounds is through supplemental jurisdiction.

As discussed in Section A, usually a plaintiff's state law claims may enjoy supplemental jurisdiction if they arise out of the same case or controversy as the federal law claims with original subject matter jurisdiction. *See* 28 U.S.C. § 1367(a). However, when a plaintiff's federal claims are dismissed for lack of subject matter jurisdiction and

---

[2] Instead, Robert Lindow could bring his California constitutional challenges in state court.

the remaining claims are state law claims that have no underlying original jurisdiction, those state law claims lose the jurisdictional hook for supplemental jurisdiction under 28 U.S.C. § 1367. *See Herman Family Revocable Trust*, 254 F.3d at 805 (". . . supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").

Here, because this Court lacks subject matter jurisdiction over claims one through nine, any state law claim that appends to the federal claims must be dismissed. As such, the Court does not analyze the allegations of claims twelve through sixteen further.[3]

### F. Judicial Immunity

Robert Lindow names Hon. Burdick and Hon. Ryan, two state court judges, as defendants. California judges have absolute judicial immunity from suit when acting in a judicial capacity. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'"); *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004) ("Indeed, judicial immunity from § 1983 suits is 'viewed as necessary to protect the judicial process.'"). Thus, defendants Hon. Ryan and Hon. Burdick are immune from suits arising out of their professional capacities as judges.

## V. Conclusion

The Court GRANTS Robert Lindow's application for leave to proceed in forma pauperis.

The Court FINDS that Robert Lindow's complaint is insufficiently pled under 28 U.S.C. § 1915 because it fails to establish the Court's jurisdiction, fails to state a claim upon which relief may be granted under Rule 8(a), and runs into issues of judicial

---

[3] Robert Lindow's claims may also be defeated by the respective statutes of limitations. For example, a constitutional claim under § 1983 must be filed within two years of when a plaintiff knows or has reason to know of the asserted injury. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). Here, it appears that Robert Lindow did not file his § 1983 claim in time. This screening order does not decide the statute of limitations and other possible defenses.

immunity. Amendment may be futile because of the foundational jurisdictional issues identified here; nevertheless, given that "[c]ourts have a duty to construe pro se pleadings liberally," the Court GRANTS Robert Lindow LEAVE TO AMEND the complaint to cure these deficiencies. *Barnhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Robert Lindow must consent or decline magistrate judge jurisdiction by **June 17, 2020**. Dkt. No. 11. Robert Lindow may file an amended complaint by **July 1, 2020**. Failure to resolve the issues noted above by that deadline will result in the Court recommending dismissal of this case.

The Court recommends that Robert Lindow consult its Federal Pro Se Program. The Program provides free information and limited-scope legal advice to self-represented litigants in federal civil cases. Information regarding the Program can be found at https://www.cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/. While the Program currently does not hold in-person appointments, it continues to assist self-represented litigants through telephone appointments, Monday to Thursday, 9:00 am–4:00 pm. Appointments may be scheduled by calling 408-297-1480.

The Court also recommends that Robert Lindow sign up for electronic case filing, if he is able. Pro se litigants may sign up for e-filing via https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/setting-up-my-account/e-filing-self-registration-instructions-for-pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: June 4, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge