UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. LINDOW,<br><br>    Plaintiff,<br><br>v.<br><br>DARREN WALLACE, MONICA PERKINS, REBECCA F. WEISMAN, STEVEN L. YARBROUGH, SHARANDA SHEPPARD, SANTA CRUZ SUPERIOR COURT, SANTA CLARA SUPERIOR COURT, COURT OF APPEAL, 6th DISTRIICT,<br><br>    Defendants. | Case No. 20-cv-03271-NC<br><br>**ORDER REASSIGNING CASE AND RECOMMENDING CASE BE DISMISSED** |

On May 14, 2020, pro se plaintiff Robert Lindow filed a complaint bringing sixteen claims against Darren Wallace, Monica Perkins, Rebecca F. Weisman, Steven L. Yarbrough, Sharanda Sheppard, Hon. Paul Burdick, and Hon. Deborah A. Ryan arising out of state court probate issues.  Dkt. No. 1.  Robert Lindow also applied to proceed in forma pauperis.  Dkt. No. 2.  On June 4, 2020, the Court granted Robert Lindow's application for leave to proceed in forma pauperis, and screened Robert Lindow's complaint under 28 U.S.C. § 1915(e) and granted leave to amend.  Dkt. No. 13.  On July 1, 2020, Robert Lindow timely filed an Amended Complaint and the Court now screens the Amended Complaint under 28 U.S.C. § 1915(e).  Dkt. No. 19.

In screening this complaint, the Court FINDS that the Amended Complaint did not cure the jurisdictional deficiencies and that further amendments are futile.  Accordingly, the Court reassigns the case and recommends that this case be dismissed.

## I. Background

### A. Factual Allegations

The plaintiff alleges the following facts in the Amended Complaint. For the purposes of this order, the Court assumes these allegations are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff Robert Lindow is Carl Lindow's brother.[1] FAC. ¶ 38. Carl Lindow acquired several rental properties throughout his career. *Id.* ¶ 38. One of the properties he financed is a home in Aptos, California. *Id.* ¶ 48. In December 2009, during the financing of the Aptos home, Carl Lindow stated that the Aptos home was financed for plaintiff Robert Lindow and his wife. *Id.* ¶ 49. On December 12, 2011, Carl Lindow and Robert Lindow entered into a "land contract" for the Aptos home. *Id.* ¶ 53.

This case arises out of the state probate court's conservatorship proceeding for Carl Lindow and his estate. Defendant Monica Perkins, Carl Lindow's step-daughter, and defendant Darren Wallace were appointed the conservators of Carl Lindow and his estate. *Id.* ¶ 89; § N. As the conservators of the Aptos house, Perkins and Wallace began an unlawful detainer suit against Robert Lindow. *Id.* ¶ 91. After the unlawful detainer hearing on August 7, 2017, Perkins's attorney Rebecca Weisman filed in the Santa Clara Probate Court a petition to confirm conservatorship assets. *Id.* ¶ 105. The Probate Court ruled that the land contract between Robert Lindow and Carl Lindow is invalid. *Id.* ¶ 118. Robert filed an appeal of the Probate Court's order. *Id.* ¶ 124.

### B. Claims

Plaintiff Robert Lindow brings twelve claims in the Amended Complaint.

Claims One through Six invoke 42 U.S.C. § 1983 and request that this Court declare California state laws and procedural rules unconstitutional and unenforceable.

---

[1] The Court will refer to the plaintiff as Robert Lindow to avoid confusion with Carl Lindow, who is discussed at length in the complaint.

- Claim One alleges that the defendants Wallace, Perkins, Weisman, and Yarbrough's committed extrinsic fraud in Santa Clara Superior Court, which violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  FAC. ¶¶ 144-153.
- Claim Two alleges that the defendants Wallace, Perkins, Weisman, and Yarbrough's committed extrinsic fraud in Santa Cruz Superior Court, which violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  FAC. ¶¶ 154-164.
- Claim Three alleges that the Santa Clara Superior Court's application of California Probate Code § 850 in case 17 PR 180722 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  *Id.* ¶¶ 165-176.
- Claim Four alleges that the Santa Cruz Superior Court's application of California Code of Civil Procedure § 1161 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  *Id.* ¶¶ 177-184.
- Claim Five alleges that the Santa Clara Superior Court's application of California Rules of Court 8.137 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  *Id.* ¶¶ 184 -190.
- Claim Six alleges that the Court of Appeal application of California Code of Civil Procedure §§ 1084-1097 violates plaintiff's constitutional rights under 42 U.S.C. § 1983.  *Id.* ¶¶ 191-197.

Claims Seven through Twelve are state law claims for breach of fiduciary duties by defendant Wallace, quiet title to the Aptos home against defendant Sheppard, violation of California Penal Code § 496, elder financial abuse, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively. Id. ¶¶ 10, 11, 222-237, 239, 250-255.

**II.   Legal Standard**

When a plaintiff proceeds in forma pauperis, the court must screen the complaint and dismiss it if the complaint 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To successfully state a claim, Rule 8(a)

requires: 1) the grounds for the court's jurisdiction; 2) a short and plain statement of the claim; and 3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)–(3).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.  DISCUSSION

Under Article III of the U.S. Constitution, federal district courts only have "limited jurisdiction," meaning they may only hear specific types of cases. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If the court may hear a certain type of case, it is said to have "subject matter jurisdiction" over that case. Without subject matter jurisdiction, the court lacks authority to hear the case. District courts may have original subject matter jurisdiction either through (1) diversity jurisdiction or (2) federal question jurisdiction. 28 U.S.C. § 1331, 1332.

Federal courts are courts of limited jurisdiction. Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. Here, diversity jurisdiction does not apply because all parties appear to be domiciled in California. Compl. at 9. They are citizens of the same state, thus not diverse parties.

Federal question jurisdiction exists if the claims arise under federal law or the U.S. Constitution. 28 U.S.C. § 1331. However, district courts lack jurisdiction to review the final determinations of state court judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Bell v. City of Boise*, 709 F.3d

4

890, 897 (9th Cir. 2013). This doctrine applies even where the challenge to the state court decision involves federal constitutional issues. *Worldwide Church of God v. McNair,* 805 F.2d 888, 891 (9th Cir. 1986). If the federal constitutional claims are "inextricably intertwined" with the state court's judgment such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).

On top of original subject matter jurisdiction, district courts have supplemental jurisdiction over all other claims that form the same case or controversy. 28 U.S.C. § 1367(a). However, if a federal court dismisses a plaintiff's federal claims for lack of subject matter jurisdiction and there are remaining supplemental state law claims that have no underlying original jurisdiction, the district court must dismiss the state law claims without prejudice. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

The Court still lacks subject matter jurisdiction over Robert Lindow's claims. As the Court's first screening of his original complaint indicated, if the adjudication of federal claims requires district courts to interpret the application of state laws or procedural rules, the federal complaint must be dismissed for lack of subject matter jurisdiction. Dkt. No. 13; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Robert Lindow did not cure this deficiency in his Amended Complaint.

Claims One and Two allege that the individual defendants committed "extrinsic fraud on the Court." Neither claim alleges a violation of 42 U.S.C §1983 perpetuated by state actors because defendants Wallace, Perkins, Weisman, and Yarbrough are not alleged to have acted under color of state law. *Id.* ¶ 146. Accordingly, the Court FINDS that Claims One and Two fail to state a claim.

Claims Three through Six are very similar to the original complaint. Robert Lindow

clarified which claims are against which defendants, but his claims and prayers for relief still center around undoing state court judgments. *See* Dkt. No. 19. They effectively invite this Court to review those state court judgments, which it may not do. As discussed in the Court's previous screening order, because this Court cannot be called to review the state court's judgment or its application of state laws, it still lacks subject matter jurisdiction to hear Claims Two through Six. *See* Dkt. No. 13.

Claims Seven through Twelve are state law claims. As discussed in the first screening order, if a federal court dismisses a plaintiff's federal claims for lack of subject matter jurisdiction and there are remaining supplemental state law claims that have no underlying original jurisdiction, the district court must dismiss the state law claims without prejudice. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). This is exactly the case here. Here, because this Court lacks subject matter jurisdiction over Claims One through Six, any state law claim that appends to the federal claims must be dismissed. As such, the Court does not analyze the allegations of Claims Seven through Twelve further.[2]

### IV.  Conclusion

The Court FINDS that Robert Lindow's complaint is insufficiently pled under 28 U.S.C. § 1915 because it fails to establish the Court's jurisdiction and fails to state a claim upon which relief may be granted. Amendment may be futile because of the foundational jurisdictional issues.

The undersigned lacks jurisdiction to dismiss this case because the parties have not all consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Accordingly, the undersigned REQUESTS that this case be REASSIGNED to a District

---

[2] Robert Lindow's claims may also be defeated by the respective statutes of limitations. For example, a constitutional claim under § 1983 must be filed within two years as soon as a plaintiff knows or has reason to know of the asserted injury. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). Here, it appears that Robert Lindow did not file his § 1983 claim in time. This screening order does not decide the statute of limitations and other possible defenses.

Court Judge.  Finally, the undersigned RECOMMENDS that the case be dismissed for lack of jurisdiction and failure to state a claim.  Any party may object to this order under Fed. R. Civ. P. 72(b), but must file an objection within 14 days of being served with this Order.

**IT IS SO ORDERED.**

Dated:  July 6, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge